UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1924 PA (AGRx) | Date | July 5, 2023 |
|---|---|---|---|
| Title | Varun Khanna v. Sanjay Logani, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

The Court has reviewed the First Amended Complaint ("1st AC") filed by plaintiff Varun Khanna ("Plaintiff") against defendants Sanjay Logani, Doctorsoft Corporation, and Advanced Retina Associates Medical Group, Inc. (collectively "Defendants"). The 1st AC alleges that Defendants breached an employment agreement with Plaintiff, retaliated against him when he complained about and refused to participate in illegal activity, and failed to fund a 401(k) plan as promised. The Complaint alleges seven state law claims for: (1) retaliation; (2) fraudulent misrepresentation; (3) breach of contract — employment; (4) failure to pay wages; (5) intentional infliction of emotional distress;(6) wrongful termination in violation of public policy; and (7) unfair business practices. The 1st AC also alleges four federal claims for: (1) failure to provide contributions, interest, liquidated damages, audit costs, and attorneys' fees pursuant to 29 U.S.C. § 1145; (2) breach of fiduciary duty under ERISA; (3) federal common law claim pursuant to 29 U.S.C. § 11451; and (4) ERISA equitable relief.

Unlike the federal claims, which appear to raise fairly simple factual questions about whether Plaintiff was entitled to certain contributions from Defendants and if they paid him those contributions, the state claim claims, over which the Court possesses only supplemental jurisdiction, appear to raise a variety of additional factual issues and legal claims that may have little relationship to the federal claims. See 28 U.S.C. § 1367(a). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)). The Court therefore orders the parties to show cause in writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the 1st AC. See 28 U.S.C. § 1367(c). The parties shall file their responses to this Order to Show Cause by no later than July 17, 2023. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court's declining to exercise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1924 PA (AGRx) | Date | July 5, 2023 |
|---|---|---|---|
| Title | Varun Khanna v. Sanjay Logani, et al. | | |

supplemental jurisdiction over the state law claims and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

   IT IS SO ORDERED.